## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANGELINE PIERRE-LOUIS,<br>Plaintiff | : | |
| | : | |
| v. | : | C.A. No: |
| | : | |
| BIG ORANGE PRODUCTIONS, INC.,<br>Defendant | : | |
| | : | |

## COMPLAINT

## I. Introduction

This is an action brought by the Plaintiff against the Defendant seeking compensatory and punitive damages, as well as attorneys' fees, litigation expenses and other equitable relief to remedy the unlawful discrimination on account of her disability the Plaintiff suffered in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

## II. Parties

1. The Plaintiff is a resident of the City of Cranston, County of Providence, State of Rhode Island.

2. The Defendant is a domestic corporation duly organized pursuant to the laws of the State of Rhode Island with its principal place of business located at 530 Smithfield Ave., Pawtucket, Rhode Island 02860.

### III. Jurisdiction

3.     This Court has jurisdiction over the Plaintiff's claims under the ADA and supplemental jurisdiction over the Plaintiff's claims under the FEPA and the RICRA pursuant to 28 U.S.C. §1367.

### IV.    Venue

4.     Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V.  Exhaustion of Administrative Remedies

5.     On or about September 12, 2025, the Plaintiff timely co-filed a charge of discrimination against Defendant with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No: 26 EMP 084 and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No: 16J-2026-00009.

6.     On or about April 23, 2025, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR and the EEOC issue a right to sue letter.

7.     On or about April 27, 2026, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8.     On or about July 15, 2026, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

### VI.    Material Facts

9.     In November 2021, the Plaintiff was hired by the Defendant as a part-time Staffing Assistant.

10.    During all relevant time periods, the Plaintiff's work performance was satisfactory and met Defendant's legitimate expectations.

11.    In May 2022, the Plaintiff was promoted to the position of Staffing Coordinator/Field Staff Supervisor. While in this role, she received excellent feedback from clients, her supervisors and brand ambassadors working under her assigned programs.

12.    In July 2023, due to various family obligations, the Plaintiff resigned from the Staffing Coordinator position. Thereafter, an Administrative Assistant also resigned and Christopher Bennett, the Plaintiff's supervisor, offered her a part-time Administrative Assistant position with flexible hours and she accepted the position.

13.    In November 2024, the Plaintiff was diagnosed with breast cancer.

14.    In January 2025, the Plaintiff informed the Defendant of her diagnosis and that she would need leave in February 2025 for surgery.

15.    Following the Plaintiff's surgery, she learned that her cancer had spread and that she required chemotherapy beginning in April 2025. She immediately informed the Defendant of her need for additional treatment because the cancer had spread.

16.    Due to personal matters, the Plaintiff was unable to begin chemotherapy in April 2025 and instead planned to start the treatment a few months later and informed the Defendant of same.

17.    On or about April 10, 2025, the Plaintiff received a company-wide email from Mr. Bennett regarding restructuring at the Defendant.

18.    Due to the restructuring, the Recruiter position was filled with the Whole Foods Program Manager and the email stated that if anyone had interest in the Whole Foods Program Manager role, to let Mr. Bennett know.

19.     The Plaintiff expressed interest in the position due to the fact that she had previously run the Whole Foods Program and had first-hand knowledge of what the position required.

20.     On April 21, 2025, the Plaintiff received acknowledgement of her email to Mr. Bennett regarding the Whole Foods Program Manager role.

21.     The position was subsequently filled by an Administrative Assistant on April 24, 2025. The Plaintiff did not receive an interview for the position, yet two (2) other Administrative Assistants received interviews.

22.     The Plaintiff believes that Defendant discriminated against her due to her disability and/or because she was regarded as disabled, by refusing to consider her for another position and eliminating her job duties.

23.     On May 23, 2025, the Plaintiff was constructively discharged from her position of employment with Defendant.

24.     The Defendant discriminated against the Plaintiff due to her disability and/or because she was regarded as disabled.

### VII.    Claims for Relief

25.     The Plaintiff incorporates the allegations contained in paragraphs 1 through 24 above in the counts set forth below.

### Count One
### 42 U.S.C. §12101, *et seq.*

26.     Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the ADA.

**Count Two**
**Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.***

27.    Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability and/or because she was regarded as disabled in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

**Count Three**
**Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.***

28.    Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful disability discrimination against the Plaintiff in violation of the Rhode Island Civil Rights Act of 1990, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the Rhode Island Civil Rights Act of 1990.

**VIII.  Prayers for Relief**

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1.    a declaratory judgment that Defendant, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

2.    enjoining and permanently restraining Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

3.      award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

4.      award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5.      award the Plaintiff punitive damages;

6.      award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7.      such other and further relief as the Court deems just and proper.

## VIII.    Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## IX.    Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire as trial counsel.

Plaintiff,
By her attorneys,

Date: July 15, 2026

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
Formisano & Company, P.C.
100 Midway Place, Suite 1
Cranston, RI  02920
(401) 944-9691
(401) 944-9695 (facsimile)
Email: edf@formisanoandcompany.com

## CERTIFICATION

I hereby certify that on the 15th day of July 2026, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano